UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : |
| Plaintiff, | : |
| v. | : NO. 2:09-CV-4001 |
| WALTER K. OLSON, | : CIVIL ACTION |
| THEODORE H. FRANK, ESQUIRE, | : |
| DAVID M. NIEPORENT, ESQUIRE, | : JURY TRIAL DEMANDED |
| THE OVERLAWYERED GROUP And | : |
| OVERLAWYERED.COM | : |
| Defendants. | : |

FILED
SEP 10 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Walter K. Olson, Theodore H. Frank, Esquire, David M. Nieporent, Esquire, The Overlawyered Group and Overlawyered.com, (collectively "Defendants"), by and through their attorneys, White and Williams LLP, hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the above-captioned action for failure to state a claim upon which relief can be granted.

The grounds for Defendants' motion, that Plaintiff's claims are barred by the statute of limitations as well as the First Amendment, are fully set forth in the accompanying Memorandum of Law in Support of Defendants' Motion to Dismiss, dated September 9, 2009.

5579461v.1

WHEREFORE, for the reasons appearing therein, Plaintiff's claims for defamation, false light and intentional interference with prospective contractual relations should be dismissed, with prejudice.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: _____
Michael N. Onufrak
Siobhan K. Cole
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6891

Attorneys for Defendants
Walter K. Olson,
Theodore H. Frank, Esquire, David M. Nieporent, Esquire, The Overlawyered Group, and Overlawyered.com

Dated: September 9, 2009

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARTHUR ALAN WOLK, ESQUIRE : | |
| Plaintiff, : | |
| v. : | NO. 2:09-CV-4001 |
| WALTER K. OLSON, : | CIVIL ACTION |
| THEODORE H. FRANK, ESQUIRE, : | |
| DAVID M. NIEPORENT, ESQUIRE, : | JURY TRIAL DEMANDED |
| THE OVERLAWYERED GROUP And : | |
| OVERLAWYERED.COM : | |
| Defendants. : | |

FILED
SEP 10 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Walter K. Olson, Theodore H. Frank, Esquire, David M. Nieporent, Esquire, The Overlawyered Group and Overlawyered.com, (collectively "Defendants"), by and through their attorneys, White and Williams LLP, hereby move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the above-captioned action for failure to state a claim upon which relief can be granted.

### INTRODUCTION

Despite the fact that it is barred by all applicable statutes of limitation and the First Amendment to the United States Constitution, Plaintiff Arthur Alan Wolk, ("Plaintiff" or "Wolk"), filed the instant Complaint, in which he claims that as the result of an April 8, 2007 internet posting of a three paragraph opinion statement, authored by Defendant Frank, (the "Frank Article") attached to the Complaint as Exhibit "A", Defendants, in their varying capacities as contributing authors, editors and managers of the legal weblog Overlawyered.com, defamed Wolk and intentionally interfered with his prospective contractual relations.

5585485v.1

(Complaint at ¶¶40-45, 54, 58, 62, 73-76). However, pursuant to 42 Pa.C.S.A. § 5523(1), Wolk's claims are barred by Pennsylvania's one year statute of limitations for defamation suits, which expired in April, 2008. Wolk's claims are further barred by the First Amendment because the Frank Article is neither false nor defamatory.

Nevertheless, Wolk initiated this lawsuit by writ of summons in the Court of Common Pleas, Philadelphia County, Pennsylvania on May 13, 2009, attached hereto as Exhibit "A." Immediately thereafter, Wolk sought extensive pre-complaint discovery from Defendants, to which they objected. On June 12, 2009, Wolk filed a Motion to Compel Pre-Complaint Discovery, which the Court of Common Pleas denied. On August 17, 2009, Wolk filed his Complaint. Defendants thereafter timely removed the action to this Court based upon both diversity and federal question jurisdiction. Defendants now respectfully move for the dismissal with prejudice of Wolk's Complaint for failure to state a claim upon which relief can be granted.

## FACTUAL BACKGROUND

**The Parties**

Wolk is a nationally-known aviation attorney.(Complaint at ¶ 13). Defendant Olson, through his sole proprietorship, The Overlawyered Group, operates a legal blog called "Overlawyered.com." (Complaint at ¶ 18). The blog, which normally posts two or more articles per day, examines problems in the civil and criminal justice systems, and provides commentary on issues in the news and recent case developments. (Complaint at ¶ 21-22). Defendant Frank is an attorney and contributing author to Overlawyered.com. (Complaint at ¶ 19). Defendant Nieporent is also an attorney and contributing author to Overlawyered.com (Complaint at ¶ 20), however, Defendant Nieporent is in no way responsible for the article that is the subject of this litigation, or the actions of The Overlawyered Group or Overlawyered.com. Nieporent is simply

a contributing author, wholly uninvolved with any of the issues in this case, who Wolk improperly entangled in this lawsuit.

**The Taylor Case:**

Beginning in 2000, Wolk's law firm represented the plaintiff in Taylor v. Teledyne Technologies, Inc., No. 1:00-cv-1741 (the "Taylor Case"). (Complaint at ¶ 29). The Taylor Case was, in the words of Judge Carnes of the Northern District of Georgia, "plagued" by discovery disputes, which the Court attempted to resolve in September, 2002, with a 71 page Omnibus Discovery Order, attached hereto as Exhibit "B".[1]

In that Omnibus Order, Judge Carnes repeatedly and specifically questioned Wolk's motivation and veracity, criticized Wolk's "egregious" conduct during discovery and sanctioned Wolk because he "intentionally disobeyed the orders and directives of the Court and the federal rules governing discovery." (Omnibus Order at pp. 48, 60); Taylor v. Teledyne Technologies, Inc., 338 F.Supp.2d 1323, 1326 (N.D.Ga. 2004) (attached hereto as Exhibit "C").

On October 15, 2002, Wolk filed a Motion for Reconsideration of Judge Carnes' criticisms of him, contending he was unfairly singled out by name, and that despite the fact that he was lead counsel in the case, was the named partner of the law firm handling the case, and was the only attorney for the plaintiffs who spoke at the discovery conference convened by Judge Carnes, -any discovery violations that might have occurred were the fault of a subsequently terminated associate at his firm. Taylor, at 1326. The Court then *sua sponte* sealed the Omnibus Order "until such time in the future as the Court deemed it appropriate to revisit the

---

[1] Although when considering a motion to dismiss pursuant to Rule 12(b)(6), a court may not consider matters extraneous to the pleadings, the Third Circuit repeatedly has held that "a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." Angstadt v. Midd-West School District, 377 F.3d 338, 342 (3d. Cir. 2004) (citing U.S. Express Lines, Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002).

matter." Id. Discovery in the Taylor Case concluded without further intervention from the Court. Id.

In April, 2003 Wolk's co-counsel notified the Court that all parties believed settlement might be possible, but for the September, 2002 Omnibus Order and therefore, the parties requested that it be vacated. Id. The Court then convened a telephone conference to discuss (1) the parties' request that the Court vacate the Omnibus Order to facilitate settlement, (2) the Court's hesitancy to grant that request, and (3) whether the Court was even able to grant such a request, in light of the fact that Wolk filed a motion to recuse the Court for its issuance of the Order. Id. Ultimately, the Court agreed to vacate the Omnibus Order stating, on May 20, 2003, "The Order of September 30, 2002, shall be marked not for publication *nunc pro tunc*, sealed and shall not be disclosed without further order of this Court." Id. at 1331.[2] The next day Wolk faxed a letter to the Court indicating that the case settled and "expressing appreciation to the Court, on behalf of all concerned, for its help in resolving the case." Id.

**The Teledyne Case:**

Less than four months after Judge Carnes vacated and sealed the Omnibus Order, Wolk filed a defamation action in the Philadelphia Court of Common Pleas, captioned Wolk v. Teledyne Industries, Inc., which was later removed to the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 03-5693, (the "Teledyne Case") (Complaint at ¶ 33) attached hereto as Exhibit "D". In the Teledyne Case, Wolk named over two dozen defendants, including opposing counsel from the Taylor Case, Thomas Strueber, Esq. and David Green, Esq. Wolk v. Teledyne Industries, Inc., 475 F.Supp.2d 491, 497 (E.D.Pa. 2007). Wolk's Complaint alleged that "because he had been a successful advocate, the 'highest circles of the

---

[2] In order to facilitate decision of the Teledyne Case, Judge Carnes altered the Protective Order, deleting those provisions which prohibited disclosure and publication of the Omnibus Discovery Order.

aviation defense bar...along with the major aviation insurers and reinsurers...[and] the aviation industry...[decided] that the way to beat [him] was not in the courtroom, but rather to attack him in the media and in pretrial motions.' " Id. at 498. Wolk further alleged that Strueber and Greene transmitted the Omnibus Order "all over the world" to destroy his reputation. Id. at 499. In fact, Strueber and Greene only shared the Order with their client Teledyne, Teledyne's insurer, and additional counsel representing Teledyne in other then-pending lawsuits. Id. at 509-510. Furthermore, any dissemination of the Order by Strueber and Greene took place before Judge Carnes' issuance of the Protective Order. Id. at 509.

Ultimately, Judge Shapiro dismissed Wolk's claims against Strueber and Greene for lack of personal jurisdiction, and granted summary judgment in favor of their law firm Lord Bissel & Brook. Id. at 514. Wolk and Teledyne thereafter mediated the dispute to settlement. (Complaint at ¶ 34).

**The Frank Article**

On April 8, 2007, Defendant Frank became aware of the Teledyne Case through a posting on another legal weblog, authored by James Beck and Mark Herrmann. Curious about the underlying opinion in the Taylor Case, Frank researched the publicly available Taylor docket. Frank was surprised to discover that the Order was vacated as a precondition to settling the Taylor Case, and decided to write the Frank Article, on the issue involved (*i.e.*, when an attorney develops a personal interest in settlement negotiations), for Overlawyered.com. (Complaint at ¶ 37).

In his article, Frank related an abbreviated procedural history of both the Teledyne Case, and the Taylor Case, and then questioned whether "Wolk's client suffer[ed] from a reduced settlement so that his attorney could avoid having the order used against him in other litigation?" (Complaint at ¶ 38). Frank further questioned whether Wolk's client, and the Court, were fully

5585485v.1

- 5 -

aware of the potential effect of Wolk's conflicting interest on the settlement amount, and whether courts have a duty, in that situation, to do more to protect plaintiffs from the self-interest of their attorneys. (Complaint at ¶ 38). The Frank Article does not in fact accuse Wolk, either directly or indirectly, of any wrongdoing at all. (Complaint at ¶ 38). Rather, the Frank Article merely tracks Judge Carnes' own analysis of the troubling conflict of interests created by Wolk's personal stake in the vacatur of the Omnibus Order. (Complaint at ¶ 38); Taylor at 1327. In fact, it is only the Court, and not Wolk, that the Frank Article actually criticizes. (Complaint at ¶ 38). The Frank Article was posted to Overlawyered.com on April 8, 2007, where it became instantaneously available to anyone with internet access. (Complaint at ¶¶ 39, 63).

## ARGUMENT

I.  **WOLK'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) BECAUSE ALL CLAIMS THEREIN ARE TIME-BARRED**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. Bell Atlantic v. Twombly, 550 U.S. 554, 573, 127 S. Ct. 1955, 1975 (2007); Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ., 526 U.S. 629, 633, 119 S. Ct. 1661, 1666 (1999). A complaint is legally insufficient and subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. The United States Supreme Court clearly stated that if, for example, relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 921 (2007); See also Lopez-Gonzalez v. Comerio, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)). Therefore, even taking all of Wolk's factual allegations as true, his Complaint

must be dismissed because, as outlined below, his claims are time-barred, making his Complaint legally insufficient.

Pursuant to 42 Pa.C.S.A. § 5523(1), Wolk's claims for defamation and false light are subject to Pennsylvania's one year statute of limitations. The Frank Article was published on April 8, 2007. (Complaint at ¶¶ 37-38). Consequently, any claim for defamation or false light Wolk may have had expired in April, 2008. Wolk instituted this action by praecipe on May 13, 2009, more than a full year after the statute of limitations expired.

In an effort to save his time-barred claim, Wolk alleges in his Complaint that he did not learn of the Frank Article until April 2009, when he attended a seminar on client relationships wherein the speaker advised the attendees of the importance of performing "Google" searches on themselves in order to determine what information might be readily available to potential clients. (Complaint at ¶¶ 46-47). Even assuming that allegation is true, it is insufficient to invoke the discovery rule to toll the running of the statute of limitations. Pennsylvania law is clear that where, as here, defamation claims are based on written statements, widely circulated at the moment of publication, the discovery rule does not apply. In Barrett v. Catacombs Press, 64 F. Supp. 2d 440, 444 (E.D.Pa. 1999), the court held that, where a defendant's alleged defamation was not published in a manner meant to conceal the subject matter of the defamation, the discovery rule should not apply. The Barrett Court further emphasized, "that in the case of a media-public defamation action, where the defamatory writing has actually been published, there is an even stronger rationale for eschewing the discovery rule." Id.

In Bradford v. American Media Operations, Inc., 882 F. Supp. 1508, 1519 (E.D.Pa. 1995), the Court refused to apply the discovery rule, stating, " 'publication' is the objective triggering event for the statute of limitations in libel cases, and thus the happenstance of when one particular plaintiff happens to see the offending publication can be of no legal moment." See

5585485v.1

- 7 -

also Smith v. IMG Worldwide, Inc., 437 F. Supp. 2d 297, 306 (E.D.Pa. 2006) (citing Barrett and Bradford, among others, in the Court's analysis of the applicability of the discovery rule to defamation claims based on private conversations but not publications).

However, even if the discovery rule did apply to defamation claims such as Wolk's, in order to invoke the discovery rule, and toll the statute of limitations in Pennsylvania, Wolk would have to show that he did not know, nor could he reasonably have discovered, the existence of the Frank Article. Clearly Wolk cannot satisfy this standard. Not only is Wolk a sophisticated attorney with numerous resources at his disposal, but by Wolk's own admission, the Frank Article "was disseminated by the Defendants and communicated to the public at large, and it was received by so many persons that the matter must be regarded as public knowledge." (Complaint at ¶ 63). Furthermore, Wolk has a public history of seeking out and enforcing his rights against members of the legal and aviation communities who issue allegedly defamatory statements against him. (Complaint at ¶¶ 25, 33).

Given that Wolk has a history of initiating defamation claims, and the fact that a simple internet search using Wolk's name instantaneously produces the Frank Article, it is inconceivable that Wolk could not reasonably have discovered his injury within the limitations period. Therefore, with or without the discovery rule, Wolk's defamation and false light claims are time-barred and should be dismissed.

Wolk's claim of intentional interference with prospective contractual relations is also time-barred and should be dismissed. Pursuant to 42 Pa.C.S.A. § 5523(1), the statute of limitations for intentional interference with prospective contractual relations in Pennsylvania is two years. However, Pennsylvania Courts are clear that when claims of tortious interference are based upon and/or duplicative of claims based on allegedly defamatory statements, Pennsylvania's one year defamation statute of limitations applies. Evans v. Philadelphia

Newspapers, Inc., 411 Pa.Super. 244, 251-252, 601 A.2d 330, 334-335 (Pa. Super. 1991); Hydrair, Inc. v. National Environmental Balancing Bureau, 2003 WL 21731281 (Pa.Com.Pl. 2003). Furthermore, as outlined above, the Frank Article was published on April 8, 2007, and Wolk did not institute this action until more than _two_ years later, on May 13, 2009. Therefore, Wolk's claim of intentional interference with prospective contractual relations is time-barred under either of the arguably applicable statutes of limitation, and should be dismissed.

## II.  WOLK'S CLAIMS ARE BARRED BY THE FIRST AMENDMENT AND SHOULD BE DISMISSED

Wolk's claims are also barred by the First Amendment, making it further impossible for him to prove any set of facts which would constitute a legally sufficient complaint. The privilege to speak one's mind and debate public issues is closely guarded by the United States Constitution and every court operating thereunder. In the seminal case, New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710 (1964), the Supreme Court created the requirement that public officials prove falsity and actual malice in order to recover in defamation, precisely because, "debate on public issues should be uninhibited, robust and wide open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." Sullivan, at 270.

In Curtis Publishing Co. v. Butts, the Supreme Court extended the requirement that actual malice be proven by clear and convincing evidence, to cases filed by any public figure, which Wolk freely concedes he is. Curtis Publishing Co. v. Butts, 388 U.S. 130, 162, 87 S.Ct. 1975 (1967). The Supreme Court purposely created, and subsequently extended, this extremely high constitutional obstacle to defamation suits brought by public figures, for the express purpose of protecting exactly the type of thought and discussion contained in the Frank Article. As the Curtis court stated:

> "The dissemination of the individual's opinions on matters of public interest is for us, in the historic words of the Declaration of Independence, an 'unalienable right' that 'governments are instituted among men to secure.' History shows us that the Founders were not always convinced that unlimited discussion of public issues would be 'for the benefit of all of us' but that they firmly adhered to the proposition that the 'true liberty of the press' permitted 'every man to publish his opinion.'" (Id. at 149) (citing Respublica v. Oswald, 1 Dall., 319, 325, 1 L.Ed. 155 (Pa.)).

Here, the Frank Article is neither false nor defamatory. It is a matter of public record that Judge Carnes issued the Omnibus Discovery Order, which was extremely critical of Wolk's conduct, and that Wolk sued opposing counsel in the Taylor Case, for "disseminating" that same Order. By Judge Carnes' own detailed account of the underlying disputes, Wolk required the Court's vacatur of the Order as a precondition to settlement of the Taylor Case.

A review of the remainder of the Frank Article reveals only Frank's protected opinion that courts considering potential settlement agreements ought to do more to protect clients when the agreement contains bargained for provisions benefiting an attorney rather than a party. By way of example, Frank simply asked whether Wolk's client in the Taylor case received a reduced settlement amount because the agreement included a provision vacating the Order that criticized Wolk.

Furthermore, Defendant Frank's reflections on the conflict of interests surrounding settlement of the Taylor Case are barely more than a recitation of Judge Carnes' own acknowledgment that the Court both recognized, and was troubled by, the clash of interests. Defendant Frank's only addition to Judge Carnes' explanation of the issue was his suggestion that the Court, and not Wolk, might have taken additional steps to protect the interests of Wolk's client. Clearly, this is the type of free discussion on a matter of public interest that the First Amendment is designed to protect.

Therefore, even if this Court assumes *arguendo*, that Wolk's claims were not time-barred, dismissal for failure to state a claim is still appropriate because the Frank Article is constitutionally protected, non-actionable, free speech.

## CONCLUSION

Plaintiff's claims of defamation, false light and intentional interference with prospective contractual relations are time and constitutionally barred and therefore, the Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

WHEREFORE, Defendants Walter Olson, Theodore Frank, David Nieporent, The Overlawyered Group and Overlawyered.com request that this Court dismiss the Complaint, with prejudice.

Respectfully submitted,

WHITE AND WILLIAMS LLP

BY: *[signature]*
Michael N. Onufrak
Siobhan K. Cole
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
(215) 864-6891

Attorneys for Defendants
Walter K. Olson,
Theodore H. Frank, Esquire, David M. Nieporent, Esquire, The Overlawyered Group, and Overlawyered.com

Dated: September 9, 2009

## CERTIFICATE OF SERVICE

I, Siobhan K. Cole, Esquire, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Pursuant to Rule 12(b)(6), supporting Memorandum of Law, and Exhibits were filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the court system.

Paul R. Rosen, Esquire<br>
SPECTOR GADON & ROSEN, P.C.<br>
Seven Penn Center Plaza<br>
1635 Market Street, 7th Floor<br>
Philadelphia, PA 19103<br><br>
Andrew J. DeFalco<br>
SPECTOR GADON & ROSEN, P.C.<br>
Seven Penn Center Plaza<br>
1635 Market Street, 7th Floor<br>
Philadelphia, PA 19103

FILED
SEP 10 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

*Siobhan K. Cole*
Siobhan K Cole, Esquire

Attorneys for Defendants
Walter K. Olson,
Theodore H. Frank, Esquire, David M. Nieporent, Esquire, The Overlawyered Group, and Overlawyered.com

Dated: September 9, 2009