# EXHIBIT B

|   |   |
|---|---|
|   | : |
| **And** |   |
|   | : |
| **JOHN DOE** |   |
|   | : |
| **And** |   |
|   |   |
| **JANE DOE** |   |
|   |   |
| **Defendants** |   |

| TO: | TO: |
|---|---|
| Walter K. Olson, Esquire<br>875 King Street<br>Chappaqua, NY 10514-3430 | Theodore H. Frank, Esquire<br>901 North Monroe Street, Apt. 1007<br>Arlington, VA 22201-2353 |

| TO: |   |
|---|---|
| David M. Nieporent, Esquire<br>155 Tillotson Road<br>Fanwood, NJ 07023 |   |

### NOTICE OF PRE-COMPLAINT DISCOVERY PURSUANT TO RULE 4003.8 AND RULE 4007.1 (c) AND NOTICE OF PRE-COMPLAINT REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 4007.1 (d) (1)

Plaintiff, Arthur Alan Wolk, Esquire ("Plaintiff" or "Wolk"), by and through his attorneys, Paul R. Rosen, Esquire and Spector, Gadon & Rosen, P.C., hereby serves the following Notice of Pre-Complaint Discovery pursuant to Pennsylvania Rules of Civil Procedure 4003.8 and 4007.1 (c), and the following Pre-Complaint Request for Production of Documents pursuant to Pennsylvania Rule of Civil Procedure 4007 (d) (1), to the Defendants. In support thereof, Plaintiff states:

### I. BRIEF STATEMENT OF THE NATURE OF THE ACTION AND MATTERS TO BE INQUIRED INTO PURSUANT TO RULE 4007.1 (c)

This is a defamation case. Wolk is a nationally-known aviation attorney. Beginning in 2000, Wolk's law firm represented the victim of an aircraft accident in a

2

544200-1

case venued in the United States District Court for the Northern District of Georgia, captioned Taylor v. Teledyne Technologies, Inc., No. 00-cv-1741 (the "Taylor Case"). After discovery disputes arose, the Trial Judge in the Taylor Case issued a September 2002 discovery order critical of Wolk's conduct during discovery, even though Wolk was not personally involved in any of the asserted conduct. In 2003, the Trial Judge vacated the September 2002 discovery order, and precluded all parties from publicizing the September 2002 order. Thereafter, the Taylor Case settled for a sum that far exceeded the value previously placed on the Taylor Case by a federal magistrate, and all attorneys in the Taylor Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the Taylor Case. Wolk then sued certain of the Defendants in the Taylor Case for defamation in a case brought in the United States District Court for the Eastern District of Pennsylvania, captioned Arthur Alan Wolk v. Teledyne Industries, Inc., No. 03-5693 (the "Wolk Case"). The Wolk Case settled after it was mediated by a federal judge. As part off the settlement, all attorneys in the Taylor Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the Taylor Case.

On or about April 8, 2007, Defendant Theodore H. Frank, Esquire ("Frank"), writing for the legal blog "Overlawyered.com," which is operated and edited by Defendant Walter K. Olson, Esquire ("Olson") and his entity, The Overlawyered Group, wrote an article relating to the Wolk Case and the Taylor Case (the "Frank Article"). However, after a brief reference to the Wolk Case, the Frank Article accused Wolk of "selling out" his client in the Taylor Case, accepting a lesser settlement in the Taylor Case for his client in order obtain future business from other clients and to avoid being

impaired by remarks regarding unprofessional conduct in the discovery order in the Taylor Case (which was vacated), and violating his professional and ethical responsibilities and duties. Wolk was unaware of the Frank Article until he discovered it in April 2009.

Wolk understands that as a public figure he must show not only that the statements in the Frank Article were false, but also that that the statements made in the Frank Article were knowingly false and made with actual malice. Pre-complaint discovery is required to determine whether a complaint can be brought under the standards required to file a defamation complaint as a public figure.

Information respecting the investigation and research performed prior to posting the Frank Article, by the author, Frank, and the Editor, Olson, and contributors such as David Nieporent, and what was done as well as the fruits of any investigation, is necessary to see if they determined the truth of what they published and then published the Frank Article knowing it was false, or their lack of a reasonable standard of news gathering and proof of fact before publishing statements that accuse a nationally known attorney of unethical and unprofessional conduct and violations of his duties to his client. This information is therefore material and necessary to determine whether a defamation claim arising from the Frank Article can meet the burden of pleading established in Curran v. Philadelphia Newspapers, Inc., 439 A.2d 652, 659 (Pa. 1981) and New York Times Co. v. Sullivan, 376 U.S. 254 (1964). Through pre-complaint discovery permitted by Pennsylvania Rule of Civil Procedure 4003.8, Wolk now seeks to determine the nature and extent of the research and investigation made by Frank and Olson prior to posting the Frank Article.

## II. NOTICE OF DEPOSITION OF THEODORE H. FRANK, ESQUIRE

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of the **Theodore H. Frank, Esquire**, to testify as to the matters discussed in Section I, above, with regard to the above-referenced action. This deposition will take place on **June 24, 2009, at 10:00 a.m.,** at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

## III. NOTICE OF DEPOSITION OF WALTER K. OLSON, ESQUIRE

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of **Walter K. Olson, Esquire** to testify as to the matters discussed in Section I, above, with regard to the above-referenced action. This deposition will take place on **June 25, 2009, at 10:00 p.m.,** at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

### III. NOTICE OF DEPOSITION OF DAVID M. NIEPORENT, ESQUIRE

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of **David M. Nieporent, Esquire** to testify as to the matters discussed in Section I, above, with regard to the above-referenced action. This deposition will take place on **June 26, 2009, at 10:00 p.m.**, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

### V. PRODUCTION OF DOCUMENTS

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (d), Defendants are hereby commanded to produce documents and tangible things **on or before June 19, 2009, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103**, as follows:

#### a. Document Requests

1. All documents and communications, including but not limited to searches on the internet, that You initiated to any third party, or that You reviewed or relied upon in drafting, editing and disseminating the April 7, 2008 Frank Article.

2. All documents and communications, including but not limited to searches on the internet, that evidence, refer to or relate to any investigation performed by You, or that you initiated to any third party, with respect to the subjects covered in the April 7,

2008 Frank Article, in drafting, editing and disseminating the April 7, 2008 Frank Article, including but not limited to notes and drafts.

3. All documents and communications that evidence, refer to or relate to the Frank Article, including, but not limited to statistics, input and/or information relating to or from any person(s) who accessed the Frank Article.

4. All communications with any server, browser or search facility that would connect to a dissemination of the article on the Internet or to Wolk.

## V. INSTURCTIONS AND DEFINITIONS

The following instructions and definitions shall be applicable to the Request for Production of Documents in Section IV, above.

### a. Instructions

1. These document requests shall be deemed continuing and shall require supplemental answers if additional documents are acquired after the date of deposition, as soon as practicable but in any event not later than thirty (30) days from the date of discovery.

2. With respect to any document the deponent deems privileged, provide a statement setting forth as to each document:

> (a) the date appearing on the document, or if no date appears, the date on which the document was prepared;
> 
> (b) the name of each person to whom the document was addressed;
> 
> (c) the name of each person to whom the document, or a copy thereof, was sent, or with whom the document was discussed;
> 
> (d) the name of each person who signed the documents, or if not signed, the name of each person who prepared it;

7

544200-1

(e)     the name of each person making any contribution to the authorship of the document;

(f)     the employer and job title of each person identified in (b), (c), (d) or (e) above;

(g) the date the document was received or discussed by each of the persons identified in (b) or (c) above;

(h)     the general nature of description of the document, or part claimed to be privileged, and the number of pages of which it consists;

(i)     the name of each person who has custody of the document;

(j)     the specific ground(s) on which the claim of privilege rests.

3.  In producing documents, you are requested to produce the original of each document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  Documents shall be produced as they are kept in the usual course of business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business, and during the subsequent maintenance of the documents.

5.  All documents shall be produced which respond to any part or clause of any paragraph of a request. Each document requested shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document

to be relevant or responsive. If you have redacted any portion of a document, stamp or write or otherwise affix the word "REDACTED" on each page of the document which you have redacted, and provide a separate statement explaining the basis for each redaction.

**b.   Definitions**

1.   "You" and "Your" refer to the persons upon whom this document has been served, including their agents, servants, employees, officers, directors, members, affiliates, attorneys, subsidiaries, parent companies, related entities and those persons in active concert or participation with them, all other persons acting or purporting to act on their behalf, as well as the Overlawyered Group and Overlawyered.com. "You" and "your" when used in reference to "materials" and "documents" shall include materials and documents in your possession or under your control, and materials and documents whose present and past existence you are aware of, as well as materials and documents prepared by you unless otherwise stated.

3.   "Frank Article" means the April 7, 2008 article written by Theodore H. Frank, Esquire entitled Arthur Alan Wolk v. Teledyne Industries, Inc.

5.   "Writings" or "Document" are used herein in the broadest sense, and mean all written or printed matter of any kind, including the originals and all non-identical copies, including drafts, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, electronic mail messages, memoranda, reports, notes, diaries, statistics, letters, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, financial sheets, schedules, invoices, drafts, projections, summaries, pamphlets,

books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind including without limitation photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, records, motion pictures, and electronic, mechanical, computer or electric records or representations of any kind, including without limitation, tapes, cassettes and all recordings, computer discs, both hard and floppy, CD's, and CD-ROMs and computer hard, JAZ and ZIP drives. Two or more copies of a document bearing divergent or different notations, handwritten or typewritten, shall be treated as separate documents for this purpose, as well as all drafts of documents. All attachments or documents referred to by documents responsive to any request shall be produced.

7. As used herein, the term "Person" or "persons" mean any individual, corporation, partnership, joint venture, firm, association, organization, society, proprietorship, agency, board, authority, commission or other entity.

8. "Communicate" or "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery or otherwise.

9. The phrase "referring or relating to", or any variant thereof, means in any way, directly or indirectly, showing, disclosing, adverting to, embodying, reflecting, evidencing, constituting, mentioning, or revealing, either in whole or in part.

10. The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The term "between" means "among" and vice versa. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing of tense.

11. The phrase "and" and "or" shall mean "and/or", "any" shall include "all" and "every" and vice versa.

**SPECTOR GADON & ROSEN, P.C.**

Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
Attorneys for Plaintiffs

Date: 5/13/09

11

544200-1