# EXHIBIT C

FILED
12 JUN 2009 02:52 pm
Civil Administration

| | | |
|---|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : | CIVIL ACTION – LAW |
| **Plaintiff** | : | |
| vs. | : | MAY TERM, 2009 |
| | : | |
| WALTER K. OLSON, ESQUIRE | : | NO.: 1489 |
| THEODORE H. FRANK, ESQUIRE | : | |
| DAVID M. NIEPORENT, ESQUIRE | : | JURY TRIAL DEMANDED |
| THE OVERLAWYERED GROUP | : | |
| And OVERLAWYERED.COM | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this _____ day of _____, 2009, it is

hereby **ORDERED** and **DECREED** Plaintiff's Motion to Compel Pre-Complaint

Discovery is **GRANTED**.  We direct that the following Order be entered:

1.     Defendants Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and

David M. Nieporent, Esquire, are **ORDERED** to fully and completely respond to the

Plaintiff's Pre-Complaint Requests for Production of Documents, pursuant to the

Plaintiff's May 13, 2009 Notice, without further objection or obstruction except for

claims of privilege, within ten (10) days of the date of this Order.

2.     Defendants Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and

David M. Nieporent, Esquire are **ORDERED** to submit a privilege log with their

production of documents, identifying all documents withheld or redacted due to a claim

of privilege, and the basis for the claim of privilege.

3.     Defendants Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and

David M. Nieporent, Esquire are **ORDERED** to appear for depositons, pursuant to the

Case ID: 090501489
Control No.: 09061584

Plaintiff's May 13, 2009 Notice, within ten (10) days of the date of the Defendant's production of documents.

     4.    Should Defendants Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and David M. Nieporent, Esquire fail to comply with this Order, Defendants Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and David M. Nieporent, Esquire will suffer sanctions upon further application to this Court.

**BY THE COURT:**

_____
                         J.

448318-1

Case ID: 090501489
Control No.: 09061584

**SPECTOR GADON & ROSEN, P.C.**
By:    Paul R. Rosen, Esquire                        Attorneys for Plaintiffs
Attorney I.D. No. 13396
prosen@lawsgr.com
By:    Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
adefalco@lawsgr.com
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888

| | | |
|---|---|---|
| **ARTHUR ALAN WOLK, ESQUIRE** | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| **vs.** | : | **MAY TERM, 2009** |
| | : | |
| **WALTER K. OLSON, ESQUIRE** | : | **NO.: 1489** |
| **THEODORE H. FRANK, ESQUIRE** | : | |
| **DAVID M. NIEPORENT, ESQUIRE** | : | **JURY TRIAL DEMANDED** |
| **THE OVERLAWYERED GROUP** | : | |
| **And OVERLAWYERED.COM** | : | |
| | : | |
| **Defendants** | | |

### PLAINTIFF'S MOTION TO COMPEL PRE-COMPLAINT PRODUCTION OF DOCUMENTS AND DEPOSITIONS

Plaintiff Arthur Alan Wolk, Esquire ("Plaintiff"), by and through his attorneys,

Paul R. Rosen, Esquire and Spector, Gadon & Rosen, P.C., hereby submits the following

Motion for an Order compelling Defendants to respond fully to Plaintiff's Pre-Complaint

Requests for Production of Documents within ten (10) days, and thereafter, to produce

for Pre-Complaint Depositions Walter K. Olson, Esquire ("Olson"), Theodore H. Frank,

Esquire ("Frank"), and David M. Nieporent, Esquire ("Nieporent") (collectively

"Defendants"), within ten (10) days following the document production.  In support

thereof, Plaintiff avers as follows:

430803-1

## I.   **INTRODUCTION**

1.    Pennsylvania Rule of Civil Procedure 4003.8 expressly permits a party to initiate an action by Writ of Summons, and to take pre-complaint discovery prior to filing a complaint.  That is what the Plaintiff has done here.  The pre-complaint discovery sought by the Plaintiff is both material and necessary to the filing of the Plaintiff's Complaint, as the Plaintiff will be unable properly plead the "actual malice" element of his prospective defamation claim, and the Plaintiff cannot determine the identity of all of the persons involved with the defamatory publication, without pre-complaint discovery. The discovery sought by the Plaintiff is narrowly tailored to effectuate the ends of Rule 4003.8, and is not submitted for any improper purpose.  Accordingly, the Plaintiff is manifestly entitled to the pre-complaint discovery he seeks, as more fully set forth below.

## II.   **FACTS**

2.    Wolk is a nationally-known aviation attorney.

3.    Beginning in 2000, Wolk's law firm represented the victim of an aircraft accident in a case venued in the United States District Court for the Northern District of Georgia, captioned Taylor v. Teledyne Technologies, Inc., No. 00-cv-1741 (the "Taylor Case").

4.    After discovery disputes arose, the Trial Judge in the Taylor Case issued a September 2002 discovery order critical of Wolk's conduct during discovery, even though Wolk was not personally involved in any of the asserted conduct.  In 2003, the Trial Judge vacated the September 2002 discovery order, and precluded all parties from publicizing the September 2002 order.

2

430803-1

5.      Thereafter, the <u>Taylor</u> Case settled for a sum that far exceeded the value previously placed on the <u>Taylor</u> Case by a federal magistrate, and all attorneys in the <u>Taylor</u> Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the <u>Taylor</u> Case.

6.      Wolk then sued certain of the Defendants in the <u>Taylor</u> Case for defamation in a case brought in the United States District Court for the Eastern District of Pennsylvania, captioned <u>Arthur Alan Wolk v. Teledyne Industries, Inc.</u>, No. 03-5693 (the "<u>Wolk</u> Case"). The <u>Wolk</u> Case settled after it was mediated by a federal judge. As part off the settlement, all attorneys in the <u>Taylor</u> Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the <u>Taylor</u> Case.

7.      On or about April 8, 2007, Defendant Frank, writing for the legal blog "Overlawyered.com," which is operated and edited by Defendant Olson and his entity, The Overlawyered Group, wrote an article relating to the <u>Wolk</u> Case and the <u>Taylor</u> Case (the "Frank Article").

8.      However, after a brief reference to the <u>Wolk</u> Case, the Frank Article accused Wolk of "selling out" his client in the <u>Taylor</u> Case, accepting a lesser settlement in the <u>Taylor</u> Case for his client in order obtain future business from other clients and to avoid being impaired by remarks regarding unprofessional conduct in the discovery order in the Taylor <u>Case</u> (which was vacated), and violating his professional and ethical responsibilities and duties.

9.      Wolk was unaware of the Frank Article until he discovered it in April 2009. The statements in the Frank Article are false and defamatory as a matter of law.

3

Case ID: 090501489
Control No.: 09061584

10.     The Plaintiff filed a Praecipe to Issue Writ of Summons, and Summonses were issued in this matter on May 13, 2009.

11.     On the same date, the Plaintiff served upon the Defendants a Notice of Pre-Complaint Discovery Pursuant to Rule 4003.8 and Rule 4007.1 (c), and Notice of Pre-Complaint Request for Production of Documents pursuant to Rule 4007 (d) (1) (the "Notice").  (See the Notice, attached as Exhibit "A").

12.     As required by Rule 4007.1, the Notice provides a "Brief Statement of the Nature of the Action and the Matters to Be Inquired Into," which is largely as discussed above.  (Id.)

13.     The Notice then seeks the pre-complaint depositions of Nieporent, Frank and Olson.  (Id.)  The Notice then requests the following documents:

> All documents and communications, including but not limited to searches on the internet, that You initiated to any third party, or that You reviewed or relied upon in drafting, editing and disseminating the April 7, 2008 Frank Article.

> All documents and communications, including but not limited to searches on the internet, that evidence, refer to or relate to any investigation performed by You, or that you initiated to any third party, with respect to the subjects covered in the April 7, 2008 Frank Article, in drafting, editing and disseminating the April 7, 2008 Frank Article, including but not limited to notes and drafts.

> All documents and communications that evidence, refer to or relate to the Frank Article, including, but not limited to statistics, input and/or information relating to or from any person(s) who accessed the Frank Article.

> All communications with any server, browser or search facility that would connect to a dissemination of the article on the Internet or to Wolk.

(Id.)

4

430803-1

14. The Plaintiff incorporates by reference, as though fully set forth herein, the "Facts" section of his supporting Brief.

## III.   PLAINTIFF IS ENTITLED TO PRE-COMPLAINT DISCOVERY AND DOCUMENT PRODUCTION

15. Pennsylvania Rule of Civil Procedure 4003.8 (a), which was adopted September 20, 2007, and effective November 1, 2008, provides that a Plaintiff may obtain pre-complaint discovery as follows:

> (a) A plaintiff may obtain pre-complaint discovery where the information sought is material and necessary to the filing of the complaint and the discovery will not cause unreasonable annoyance, embarrassment, oppression, burden or expense to any person or party.

Pa.R.Civ.P. 4003.8 (a).

16. Pennsylvania Rule of Civil Procedure 4007.1 (a) – (d) (1) provides that a party may obtain pre-complaint depositions and document production, as follows:

> (a) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action … A party noticed to be deposed shall be required to appear without subpoena.

> (b) The notice shall conform with the requirements of subdivision (c) of this Rule …

> (c) The purpose of the deposition and matters to be inquired into need not be stated in the notice unless the action has been commenced by writ of summons and the plaintiff desires to take the deposition of any person upon oral examination for the purpose of preparing a complaint. In such case the notice shall include a brief statement of the nature of the cause of action and of the matters to be inquired into.

> (d)(1) If the person to be examined is a party, the notice may include a request made in compliance with Rule 4009.1 et seq., for the production of documents and tangible things at the taking of the deposition.

5

Case ID: 090501489
Control No.: 09061584

Pa.R.Civ.P. 4007.1 (a) – (d) (1).

17.     In <u>McNeil v. Jordan</u>, 894 A.2d 1260, 1269 (Pa. 2006), the Pennsylvania Supreme Court stated: "there is no question or controversy concerning the right of a party to take pre-complaint discovery."

18.     In this case, the Plaintiff has abundantly met all of the requirements to obtain the requested pre-complaint discovery.

19.     The requested pre-complaint discovery is necessary because, with respect to his planned defamation claim, the Plaintiff must meet his burden of pleading "actual malice" with clear and convincing evidence, but the Plaintiff has no access to any information respecting the dissemination of the Frank Article that would permit him to plead such facts without pre-complaint discovery.  Also, the Plaintiff needs to determine the identity of all persons invovled in the dissemination of the defamtory Frank Article, but the Plaintiff has no way to do so absent pre-complaint discovery.

20.     In addition, the requested discovery is material and narrowly tailored to address only the information necessary to file a complaint.  The requested pre-complaint discovery seeks information relating solely to whether the Defendants acted with "actual malice" in publishing the Frank Artcle, and the identity of the offending parties.  Thus, all of the requested information is, in addition to being necessary to filing a complaint, also "material."

21.     Further, because the Plaintiff seeks only information that is material and necessary to the filing of the complaint (and nothing else), and has narrowly tailored his discovery requests to address one discrete area of inquiry, the Plaintiff's discovery requests are for a proper purpose.  Because all pre-complaint discovery requests are

430803-1

Case ID: 090501489
Control No.: 09061584

related to the defamation claim that the Plaintiff contemplates, the discovery requests are not unreasonable.

22.     Finally, because only three depositions are sought, and only four document requests were submitted, the requested pre-complaint discovery will not cause unreasonable annoyance, oppression, burden or expense to Defendants.

23.     For these reasons, as more fully set forth in the Plaintiff's supporting brief, the Plaintiff's pre-complaint discovery requests are material and necessary to the filing of a complaint, are submitted for a proper purpose, and will not cause unreasonable annoyance, oppression, burden or expense to Defendants.  Therefore, the Plaintiff respectfully requests that the Court compel the requested pre-complaint discovery as set forth in the attached Order.

WHEREFORE, Plaintiff Arthur Alan Wolk respectfully requests that this Court grant hold that the Defendants be compelled to respond in full, without further objection or obstruction except for privilege, to the Requests for Production of Documents set forth in the Notice of Pre-Complaint Deposition and Pre-Complaint Request for Production within ten (10) days from the date of the Court's Order, and to produce for Pre-Complaint

430803-1

Case ID: 090501489
Control No.: 09061584

Depositions Walter K. Olson, Esquire, Theodore H. Frank, Esquire, and David M.

Nieporent, Esquire, within ten (10) days thereafter, or suffer sanctions upon further

application to the Court.

                    Respectfully Submitted,

                    **SPECTOR GADON & ROSEN, P.C.**

By:  _____

                    Paul R. Rosen, Esquire (PA Id. 13396)
                    Andrew J. DeFalco, Esquire (PA Id. 84360)
                    1635 Market Street, 7th Floor
                    Philadelphia, PA  19103
                    (215) 241-8888
                    (215) 241-8844 (fax)
                    *Attorneys for Plaintiff*

Date:  June 12, 2009

430803-1

**SPECTOR GADON & ROSEN, P.C.**
By:     Paul R. Rosen, Esquire                                          Attorneys for Plaintiffs
Attorney I.D. No. 13396
prosen@lawsgr.com
By:     Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
adefalco@lawsgr.com
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888

| | | |
|---|---|---|
| **ARTHUR ALAN WOLK, ESQUIRE** | : | **CIVIL ACTION – LAW** |
| **Plaintiff** | : | |
| **vs.** | : | **MAY TERM, 2009** |
| | : | |
| **WALTER K. OLSON, ESQUIRE** | : | **NO.: 1489** |
| **THEODORE H. FRANK, ESQUIRE** | : | |
| **DAVID M. NIEPORENT, ESQUIRE** | : | **JURY TRIAL DEMANDED** |
| **THE OVERLAWYERED GROUP** | : | |
| **And OVERLAWYERED.COM** | : | |
| | : | |
| **Defendants** | | |

**PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO COMPEL PRE-COMPLAINT PRODUCTION OF DOCUMENTS AND DEPOSITIONS**

Plaintiff Arthur Alan Wolk, Esquire ("Plaintiff"), by and through his attorneys,

Paul R. Rosen, Esquire and Spector, Gadon & Rosen, P.C., hereby submits the following

Memorandum of Law in support of his Motion for an Order compelling Defendants to

respond fully to Plaintiff's Pre-Complaint Requests for Production of Documents within

ten (10) days, and thereafter, to produce for Pre-Complaint Depositions Walter K. Olson,

Esquire ("Olson"), Theodore H. Frank, Esquire ("Frank"), and David M. Nieporent,

Esquire ("Nieporent") (collectively "Defendants"), within ten (10) days following the

document production.

453152-1

## I.      MATTER BEFORE THE COURT

In this motion, Plaintiff asks the Court to compel Defendants to provide the pre-complaint discovery requested by the Plaintiff on May 13, 2009, which the Defendants have willfully and wrongfully refused to provide.  Pennsylvania Rule of Civil Procedure 4003.8 expressly permits a party to initiate an action by Writ of Summons, and to take pre-complaint discovery prior to filing a complaint.  In this case, the Plaintiff commenced the above-captioned action by Writ of Summons.  Pursuant to Pennsylvania Rules of Civil Procedure 4003.8 and 4007.1 (c) – (d) (1), Plaintiff served upon Defendants, concurrently with the Writ of  Summons, a Notice of pre-complaint depositions and document discovery (the "Notice").  The purpose of this Notice is to ascertain whether the Defendants (and possibly others), in writing and disseminating a defamatory article about the Plaintiff, which accused the Plaintiff of, *inter alia*, selling out his client, and accepting a lesser settlement in a case, in order to protect himself from professional liability exposure and in the hope of obtaining future business from other clients, made the defamatory statements with knowledge of their falsity and/or reckless disregard for their truthfulness.  Because the Plaintiff is a nationally-known aviation attorney, the Plaintiff must plead the "New York Times" standard for a defamation claim, but the Plaintiff is unable to properly plead his allegations without receiving the requested pre-complaint discovery.  Thus, the following information is material and necessary to the filing of a Complaint by the Plaintiff in this case:

- Information relating to any investigation and research performed by the author of the defamatory article, the editor of the article, and contributors to article, prior to the dissemination of the article;

453152-1

Case ID: 090501489
Control No.: 09061584

- Information relating to the results of any investigation performed;

- Information relating to editorial controls with respect to the defamatory article;

- Information relating to conformity with journalistic standards; and

- Information relating to whether the Defendants knew that the statements made in the defamatory article were false.

- Information relating to other persons involved in the dissemination of the article, currently identified as "John Does."

The requested discovery is narrowly tailored to address only the information necessary to file a Complaint against Defendants, and is not sought for any improper purpose.  To date, Defendants have refused to provide any of the requested pre-complaint discovery. Accordingly, Plaintiff respectfully requests that this Court order the Defendants to provide the requested pre-complaint discovery.

## II.    STATEMENT OF THE QUESTIONS INVOLVED

1.    Is the pre-complaint discovery sought by the Plaintiff material and necessary to the filing of the Plaintiff's Complaint?

**Suggested answer:  Yes.**

2.    Will the pre-complaint discovery sought by the Plaintiff cause unreasonable annoyance, embarrassment, oppression, burden or expense to Defendants?

**Suggested answer:  No.**

3

453152-1

Case ID: 090501489
Control No.: 09061584

III.    **FACTS**

a.      **Factual And Procedural History**

This is a defamation case.  Wolk is a nationally-known aviation attorney. Beginning in 2000, Wolk's law firm represented the victim of an aircraft accident in a case venued in the United States District Court for the Northern District of Georgia, captioned Taylor v. Teledyne Technologies, Inc., No. 00-cv-1741 (the "Taylor Case"). After discovery disputes arose, the Trial Judge in the Taylor Case issued a September 2002 discovery order critical of Wolk's conduct during discovery, even though Wolk was not personally involved in any of the asserted conduct.  In 2003, the Trial Judge vacated the September 2002 discovery order, and precluded all parties from publicizing the September 2002 order.  Thereafter, the Taylor Case settled for a sum that far exceeded the value previously placed on the Taylor Case by a federal magistrate, and all attorneys in the Taylor Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the Taylor Case.  Wolk then sued certain of the Defendants in the Taylor Case for defamation in a case brought in the United States District Court for the Eastern District of Pennsylvania, captioned Arthur Alan Wolk v. Teledyne Industries, Inc., No. 03-5693 (the "Wolk Case").  The Wolk Case settled after it was mediated by a federal judge.  As part off the settlement, all attorneys in the Taylor Case unanimously agreed that Wolk never committed any unprofessional or wrongful conduct in the Taylor Case.

On or about April 8, 2007, Defendant Frank, writing for the legal blog "Overlawyered.com," which is operated and edited by Defendant Olson and his entity, The Overlawyered Group, wrote an article relating to the Wolk Case and the Taylor Case

4

Case ID: 090501489
Control No.: 09061584

(the "Frank Article").  Other than the named Defendants, the Plaintiff does not know the identity of all of those involved in the publishing of the article.  After a brief reference to the Wolk Case, the Frank Article accused Wolk of "selling out" his client in the Taylor Case, accepting a lesser settlement in the Taylor Case for his client in order obtain future business from other clients and to avoid being impaired by remarks regarding unprofessional conduct in the discovery order in the Taylor Case (which was vacated), and violating his professional and ethical responsibilities and duties.  Wolk was unaware of the Frank Article until he discovered it in April 2009.  The statements in the Frank Article are false and defamatory as a matter of law.

The Plaintiff filed a Praecipe to Issue Writ of Summons, and Summonses were issued in this matter on May 13, 2009.  On the same date, the Plaintiff served upon the Defendants a Notice of Pre-Complaint Discovery Pursuant to Rule 4003.8 and Rule 4007.1 (c), and Notice of Pre-Complaint Request for Production of Documents pursuant to Rule 4007 (d) (1) (the "Notice").  (See the Notice, attached as Exhibit "A").  As required by Rule 4007.1, the Notice provides a "Brief Statement of the Nature of the Action and the Matters to Be Inquired Into," which is largely as discussed above.  (Id.) The Notice then seeks the pre-complaint depositions of Nieporent, Frank and Olson.  (Id.) The Notice also requests the following documents:

> All documents and communications, including but not limited to searches on the internet, that You initiated to any third party, or that You reviewed or relied upon in drafting, editing and disseminating the April 7, 2008 Frank Article.
>
> All documents and communications, including but not limited to searches on the internet, that evidence, refer to or relate to any investigation performed by You, or that you initiated to any third party, with respect to the subjects covered in the April 7, 2008 Frank Article, in drafting,

453152-1

editing and disseminating the April 7, 2008 Frank Article, including but not limited to notes and drafts.

All documents and communications that evidence, refer to or relate to the Frank Article, including, but not limited to statistics, input and/or information relating to or from any person(s) who accessed the Frank Article.

All communications with any server, browser or search facility that would connect to a dissemination of the article on the Internet or to Wolk.

(Id.)

**b.      The Requested Pre-Complaint Discovery Is Material And Necessary To The Filing Of The Complaint**

**1.      Pre-Complaint Discovery Is Necessary**

The Plaintiff's requested pre-complaint discovery is necessary under Pennsylvania's "fact pleading" regime, in order to enable the Plaintiff to plead sufficient facts to overcome a demurrer as to the Plaintiff's contemplated defamation cause of action.  As noted by the Pennsylvania Supreme Court in McNeil v. Jordan, 894 A.2d 1260 (Pa. 2006), Pennsylvania Rule of Civil Procedure 1019 (a) requires specificity in pleading and institutes a "fact pleading regime."  Also, the Dragonetti Act, 42 Pa.C.S. § 8352 imposes strict consequences for the failure to provide these facts.  Pennsylvania Rules of Civil Procedure 4003.8 and 4007.1 (c) – (d) permit pre-complaint discovery specifically to enable a Plaintiff to meet his fact-pleading requirement.

Thus, to satisfy Pennsylvania's fact pleading regime, the Plaintiff herein must obtain and plead facts sufficient to establish the elements of the defamation cause of action that will be set forth in the Complaint.  As to the Plaintiff's contemplated cause of action for defamation, because the Plaintiff is a public figure, the Plaintiff must plead and establish not only that the statements in the Frank Article were false, but also that that the

6

Case ID: 090501489
Control No.: 09061584

statements made in the Frank Article were knowingly false and made with actual malice. Curran v. Philadelphia Newspapers, Inc., 439 A.2d 652, 659 (Pa. 1981) and New York Times Co. v. Sullivan, 376 U.S. 254 (1964). In other words, defamation claims involving public figures must be pled with heightened specificity, such that the facts alleged will, if proven, permit a jury to find the existence of "actual malice" by clear and convincing evidence. Jones v. City of Philadelphia, 893 A.2d 837, 843 (Pa.Cmwlth. 2006) (citing Tucker v. Philadelphia Daily News, 848 A.2d 113 (Pa.2004)). The Plaintiff must also plead the identity of all of the offending individuals and entities.

Thus, in order to sufficiently plead a defamation claim against the Defendants, under the heightened Pennsylvania pleading standards, the Plaintiff must obtain sufficient information regarding the investigation and research performed prior to posting the Frank Article, by the author, Frank, and the Editor, Olson, and contributors such as David Nieporent, and what was done as well as the fruits of any investigation, to ascertain whether the Defendants determined the falsity of what they published, and then published the Frank Article knowing it was false. The Plaintiff has no other access to the required information, and therefore, there is no other way, prior to filing a complaint, that the Plaintiff can obtain this information in a manner sufficient to meet the Plaintiff's heightened burden of pleading under Pennsylvania law. For this reason, the requested discovery, seeking information relating to whether the Defendants published the Frank Article with "actual malice," is **necessary** to the filing of a complaint.

Further, the Plaintiff must be able to identify all other persons involved in the dissemination of the article, currently identified as "John Does." The only way the Plaintniff has to obtain this information, to include the information in the Complaint, is

7

Case ID: 090501489
Control No.: 09061584

through pre-complaint discovery.  Only after receipt of the requested pre-complaint discovery will the Plaintiff be able to meet his burden of fact pleading, and marshall facts sufficient to withstand a demurrer, in order to enable the Plaintiff to file a meaningful complaint.

> **2.** **The Notice Is Narrowly Tailored To Seek Only Material Information That Will Aid In Drafting The Complaint, And Does Not Seek Discovery For An Improper Purpose**

The discovery sought by the Plaintiff is also narrowly tailored to seek only material information that he must obtain in order to plead the elements of his contemplated defamation cause of action, and more specifically, the "actual malice" element, as well as the identity of all involved parties.  Because the Plaintiff contemplates only a defamation cause of action, and must plead and establish by clear and convincing evidence in the Complaint that the defendants acted with knowledge of the falsity of their statements and/or a reckless disregard for the same, the information requested in the Plaintiff's pre-complaint request for production of documents is narrowly tailored to address only the Defendants' knowledge and state of mind upon disseminating the article. The Notice seeks the following documents:

- documents reviewed or relied upon in drafting, editing and disseminating the April 7, 2008 Frank Article;

- documents relating to any investigation with respect to the subjects covered in the April 7, 2008 Frank Article;

- documents respecting communications with third parties relating to the Frank Article;

The Plaintiff's document requests seek only information relating to the "actual malice" element of the Plaintiff's prospective defamation claim, and the identity of persons

8

453152-1

involved in making the defamatory statement, and nothing else. Therefore, all of the requested discovery is "material," and none of the requested discovery is sought for an improper purpose

As to the requested pre-complaint depositions, the Brief Statement contained in the Notice explains their necessity, as required by Pennsylvania Rule of Civil Procedure 4007.1 (c). The Brief Statement explains, *inter alia*, that the Defendants disseminated the defamatory Frank Article, but the Plaintiff needs additional information to determine whether the Defendants acted with actual malice when disseminating the Frank Article, and the identity of other persons or entities invovled in the defamatory dissemination. To ascertain this information, pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), the Plaintiff seeks depositions from Frank, Olson and Nieporent, those responsible for the dissemination of the Frank Article. Therefore, the information sought through these depositions is "material" to the filing of the Plaintiff's complaint. The information sought through pre-complaint depositions will be limited to the subject of the Notice, i.e., the "actual malice" element and the identity of the defaming persons or entities, and will therefore be narrowly tailored to address only that which is material to enable the Plaintiff to file his compliant.

Accordingly, the Plaintiff's requested pre-complaint discovery is material and necessary to the filing of a complaint. The requested pre-complaint discovery is narrowly tailored to only address specific elements of required fact pleading. As such, the requested discovery is not sought for any improper purpose, and is not sought to harass, annoy or embarrass the Defendants. Therefore, under settled Pennsylvania law, as discussed below, the Plaintiff is entitled to the requested pre-complaint discovery.

453152-1

Case ID: 090501489
Control No.: 09061584

IV.   **ARGUMENT**

A.   **The Requested Pre-Complaint Discovery Must Be Compelled, Because It Is Material And Necessary To The Filing Of A Complaint, And It Is Not Sought For An Improper Purpose**

Under Pennsylvania law, all that is required for a Plaintiff to obtain pre-complaint discovery is that the requested information is material and necessary to filing a complaint, and that the requested information is sought for a proper purpose. The Plaintiff has been defamed by the false "Frank Article," but the Plaintiff does not have access to information through which he would be able to plead and/or establish that the Defendants acted with "actual malice" in disseminating the Frank Article, and identify all those involved in disseminating the defamatory Frank Article, except through pre-complaint discovery. Therefore, the Plaintiff seeks pre-complaint discovery that is narrowly tailored to address only facts that are relevant to the "actual malice" inquiry and the identity of the persons responsible for the defamatory Frank Article, with respect to the Plaintiff's defamation claim, such information is material and necessary to the filing of the Plaintiffs' complaint, and the Plaintiff does not seek this discovery for an improper purpose. As a matter of law, this Court should compel the Defendants to provide all of the requested discovery.

Pre-complaint discovery in Pennsylvania is controlled by Pennsylvania Rule of Civil Procedure 4003.8. However, to understand pre-complaint discovery in Pennsylvania, one must begin with the Pennsylvania Supreme Court's holding in McNeil v. Jordan, 894 A.2d 1260 (Pa. 2006). McNeil, which was decided prior to the incorporation of Rule 4003.8, involved the son of a decedent who filed a claim against his sister, alleging intentional interference with testamentary expectancy. After the

10

plaintiff's initial complaint was dismissed on preliminary objection, the plaintiff sought

pre-complaint discovery.  The trial court denied the request for pre-complaint discovery,

and the Superior Court upheld the denial.  The Superior Court reasoned that the Plaintiff

needed to demonstrate a *prima facie* case prior to obtaining pre-complaint discovery.

However, the Supreme Court noted that such a rule would produce an absurd result, as it

would require a plaintiff to show a *prima facie* case in order to take pre-complaint

discovery, when the only reason pre-complaint discovery would be necessary is if a

*prima facie* case could not be made.  McNeil, 894. A.2d at 1268.  Next, noting that a

plaintiff in Pennsylvania has a significant burden to plead facts in a complaint, the

Supreme Court unambiguously affirmed the right of litigants in Pennsylvania to take pre-

complaint discovery: "Thus, there is no question or controversy concerning the right of a

party to take pre-complaint discovery.  Indeed, because of the need for specificity in

pleading under Rule 1019(a), the provisions quoted above play a critically important role

in Pennsylvania's pleading scheme."  Id. at 1269.

     The Supreme Court then addressed what a plaintiff must show in order to obtain

pre-complaint discovery.  The Court explained that a plaintiff must show "probable cause

to believe that pre-complaint discovery is necessary to the formation of a legally

sufficient complaint."  Id. at 1275.  In other words, "pre-complaint discovery is a means

to the specific end of gathering sufficient information for the filing of a complaint, and is

appropriate only when there is probable cause to believe it will achieve that end."  Id. at

1278.  In sum, the Supreme Court explained:

> Accordingly, to obtain pre-complaint discovery a litigant
> should be required to demonstrate his good faith as well as
> probable cause that the information sought is both material
> and necessary to the filing of a complaint in a pending

453152-1

> action.  A plaintiff should describe with reasonable detail
> the materials sought, and state with particularity probable
> cause for believing the information will materially advance
> his pleading, as well as averring that, but for the discovery
> request, he will be unable to formulate a legally sufficient
> pleading.

Id.  Finally, in footnote 27 of the McNeil Opinion, Judge Baer of the Supreme Court

stated that he was referring the matter of pre-complaint discovery to the Civil Procedural

Rules Committee to address pre-complaint discovery, and to "recommend any

amendments that might clarify this vexing area of civil procedure."  Id. at 1279, n. 27.

Pursuant to the referral from the Supreme Court, Pennsylvania Rule of Civil

Procedure 4003.8 was adopted on September 20, 2007, and effective November 1, 2008.

Rule 4003.8 provides:

> (a) A plaintiff may obtain pre-complaint discovery where
> the information sought is material and necessary to the
> filing of the complaint and the discovery will not cause
> unreasonable annoyance, embarrassment, oppression,
> burden or expense to any person or party.

Pa.R.Civ.P. 4003.8 (a).

However, the comment to Rule 4003.8 both explains the content of Rule 4003.8,

and expressly notes that the "probable cause" standard, established by McNeil, was

purposefully omitted from the Rule:

> New Rule 4003.8 has established in subdivision (a) a two-
> prong test for pre-complaint discovery: (1) the information
> sought must be material and necessary to the filing of the
> complaint and (2) "the discovery will not cause
> unreasonable annoyance, embarrassment, oppression,
> burden or expense to any person or party." The first prong
> incorporates the language of the [McNeil] opinion quoted
> above that the information sought be both "material and
> necessary" to the filing of a complaint in a pending action.
> **The requirement of the opinion that there be "probable
> cause" that the information sought is material and**

12

> **necessary has not been included in the rule**. The
> language of the second prong that the discovery not cause
> "unreasonable annoyance, embarrassment, oppression,
> burden or expense" is taken verbatim from present Rule
> 4011(b) governing limitation of scope of discovery and
> deposition.

Pa.R.Civ.P. 4003.8 (a) (explanatory comment – 2007) (emphasis supplied).

Therefore, the only requirements to take pre-complaint discovery in Pennsylvania

are that the information sought is "material and necessary to the filing of the complaint,"

and that the discovery will not cause unreasonable annoyance, embarrassment,

oppression, burden or expense to any person or party.  Pa.R.Civ.P. 4003.8 (a).  The

"probable cause" requirement articulated in McNeil was not incorporated into Rule

4003.8.

Pennsylvania Rule of Civil Procedure 4007.1 (a) – (d) (1) provides that a party

may obtain pre-complaint depositions and document production, as follows:

> (a) A party desiring to take the deposition of any person
> upon oral examination shall give reasonable notice in
> writing to every other party to the action ... A party noticed
> to be deposed shall be required to appear without subpoena.
>
> (b) The notice shall conform with the requirements of
> subdivision (c) of this Rule ...
>
> (c) The purpose of the deposition and matters to be inquired
> into need not be stated in the notice unless the action has
> been commenced by writ of summons and the plaintiff
> desires to take the deposition of any person upon oral
> examination for the purpose of preparing a complaint. In
> such case the notice shall include a brief statement of the
> nature of the cause of action and of the matters to be
> inquired into.
>
> (d)(1) If the person to be examined is a party, the notice
> may include a request made in compliance with Rule
> 4009.1 et seq., for the production of documents and
> tangible things at the taking of the deposition.

13

Case ID: 090501489
Control No.: 09061584

Pa.R.Civ.P. 4007.1 (a) – (d) (1).

In this case, the Plaintiff has abundantly met all of the requirements to obtain the requested pre-complaint discovery. The Plaintiff has been defamed by the false Frank Article that falsely asserts that the Plaintiff committed heinous professional misconduct. Thus, the Plaintiff believes in good faith that he will be able to state causes of action against the Defendant for defamation. The Plaintiff is required to plead "actual malice" through clear and convincing evidence. However, the Plaintiff does not have access to the facts necessary to sustain his burden of pleading under Pennsylvania's fact pleading regime with respect to the "actual malice" issue, the Plaintiff does not otherwise have access to information that would permit the Plaintiff to identify all persons or entitles involved in disseminating the defamatory Frank Article, and the Plaintiff needs sufficient facts to be able to withstand the demurrer that will certainly be filed by the Defendants. These facts include, *inter alia,* the amount of research performed prior to disseminating the Frank Article, the investigation performed prior to disseminating the Frank Article, documents relied upon in disseminating the Frank Article, communications with third parties relating to the Frank Article, and the identity of others involved in the dissemiation, currently named as "John Does" in the Complaint. Accordingly, the requested discovery is necessary to enable the Plaintiff to file his complaint.

In addition, all of the requested discovery is material and narrowly tailored to address only the information necessary to file a complaint. The requested pre-complaint discovery seeks information relating solely to whether the Frank Article was published with knowledge of falsity and/or reckless disregard for the truth, and the identity of the persons responsible for making the defamatory statements. No information extraneous to

453152-1

Case ID: 090501489
Control No.: 09061584

the this subject is included in the request. Thus, all of the requested information is, in addition to being necessary to filing a complaint, also material.

Further, because the Plaintiff seeks only information that is material and necessary to the filing of the complaint (and nothing else), and has narrowly tailored his discovery requests to address the "actual malice" and "identity" inquiries, the Plaintiff's discovery requests are for a proper purpose. Because they are all related to the claim that the Plaintiff contemplates, the discovery requests are reasonable. Finally, because only three depositions are sought, and only four document requests were submitted, the requested pre-complaint discovery will not cause unreasonable annoyance, oppression, burden or expense to the Defendants.

Thus, the pre-complaint discovery sought is material and necessary, and not sought for an improper purpose. As a matter of law, the Court should order Defendants to provide the requested pre-complaint discovery as described in the attached proposed Order.

## V.   **RELIEF**

For these and other reasons, Plaintiff Arthur Alan Wolk respectfully requests that this Court grant emergency relief, and that the Defendants be compelled to respond in full, without further objection or obstruction except for privilege, to the Requests for Production of Documents set forth in the Plaintiff's May 13, 2009 Notice of Pre-Complaint Deposition and Pre-Complaint Request for Production within ten (10) days from the date of the Court's Order, and to produce for Pre-Complaint Depositions Walter

Case ID: 090501489
Control No.: 09061584

K. Olson, Esquire, Theodore H. Frank, Esquire, and David M. Nieporent, Esquire, within

ten (10) days thereafter, or suffer sanctions upon further application to the Court.


Respectfully Submitted,

**SPECTOR GADON & ROSEN, P.C.**

By:_____
　　　Paul R. Rosen, Esquire (PA Id. 13396)
　　　Andrew J. DeFalco, Esquire (PA Id. 84360)
　　　1635 Market Street, 7th Floor
　　　Philadelphia, PA  19103
　　　(215) 241-8888
　　　(215) 241-8844 (fax)
　　　*Attorneys for Plaintiff*


Date:  June 12, 2009

16

Case ID: 090501489
Control No.: 09061584

**SPECTOR GADON & ROSEN, P.C.**
By:    Paul R. Rosen, Esquire                      Attorneys for Plaintiffs
Attorney I.D. No. 13396
prosen@lawsgr.com
By:    Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
adefalco@lawsgr.com
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888

| | |
|---|---|
| **ARTHUR ALAN WOLK, ESQUIRE**   : | **CIVIL ACTION – LAW** |
| **Plaintiff**                : | |
| **vs.**                      : | **MAY TERM, 2009** |
| : | |
| **WALTER K. OLSON, ESQUIRE**       | **NO.: 1489** |
| **THEODORE H. FRANK, ESQUIRE**  : | |
| **DAVID M. NIEPORENT, ESQUIRE**   | **JURY TRIAL DEMANDED** |
| **THE OVERLAWYERED GROUP**   : | |
| **And OVERLAWYERED.COM** | |
| : | |
| **Defendants** | |

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that service of a true and correct copy of the enclosed Motion to

Compel was made on this date, to the following counsel by United States Mail, as well as

by electronic mail:

Michael N. Onufrak, Esquire
White & Williams, LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103-7395

By:_____
        Andrew J. DeFalco, Esquire (PA Id. 84360)
        Attorney for Plaintiff

Date:  June 12, 2009

448318-1

Case ID: 090501489
Control No.: 09061584

EXHIBIT "A"

Case ID: 090501489
Control No.: 09061584

**SPECTOR GADON & ROSEN, P.C.**                    Attorneys for Plaintiffs
By:    Paul R. Rosen, Esquire
Attorney I.D. No. 13396
prosen@lawsgr.com
By:    Andrew J. DeFalco, Esquire
Attorney I.D. No. 84360
adefalco@lawsgr.com
Seven Penn Center Plaza
1635 Market Street, 7th Floor
Philadelphia, PA  19103
(215) 241-8888

| | |
|---|---|
| **ARTHUR ALAN WOLK, ESQUIRE**  : | |
| **1710-12 Locust Street**  : | **THIS IS NOT AN ARBITRATION** |
| **Philadelphia, PA 19103**  : | **CASE** |
| | |
| **Plaintiffs**  : | **AN ASSESSMENT OF DAMAGES IS** |
|     **vs.**  : | **NOT REQUIRED** |
| : | |
| **WALTER K. OLSON, ESQUIRE** | |
| **875 King Street**  : | **CIVIL ACTION – LAW** |
| **Chappaqua, NY 10514-3430** | |
| : | **NO.:** |
| **And** | |
| : | |
| **THEODORE H. FRANK, ESQUIRE** | **JURY TRIAL DEMANDED** |
| **901 North Monroe Street, Apt. 1007**  : | **Civil – Commerce Program** |
| **Arlington, VA 22201-2353** | |
| : | |
| **And** | |
| : | |
| **DAVID M. NIEPORENT, ESQUIRE** | |
| **155 Tillotson Road**  : | |
| **Fanwood, NJ 07023** | |
| : | |
| **And** | |
| : | |
| **THE OVERLAWYERED GROUP** | |
| **875 King Street**  : | |
| **Chappaqua, NY 10514-3430** | |
| : | |
| **And** | |
| : | |
| **OVERLAWYERED.COM** | |
| **318 State Street**  : | |
| **Santa Barbara, CA 93101-2361** | |

544200-1

And                                          :

JOHN DOE                                     :

And                                          :

JANE DOE

          **Defendants**

---

| **TO:** | **TO:** |
|---|---|
| Walter K. Olson, Esquire<br>875 King Street<br>Chappaqua, NY 10514-3430 | Theodore H. Frank, Esquire<br>901 North Monroe Street, Apt. 1007<br>Arlington, VA 22201-2353 |

| **TO:** | |
|---|---|
| David M. Nieporent, Esquire<br>155 Tillotson Road<br>Fanwood, NJ 07023 | |

### NOTICE OF PRE-COMPLAINT DISCOVERY PURSUANT TO RULE 4003.8 AND RULE 4007.1 (c) AND NOTICE OF PRE-COMPLAINT REQUEST FOR PRODUCTION OF DOCUMENTS PURSUANT TO RULE 4007.1 (d) (1)

Plaintiff, Arthur Alan Wolk, Esquire ("Plaintiff" or "Wolk"), by and through his

attorneys, Paul R. Rosen, Esquire and Spector, Gadon & Rosen, P.C., hereby serves the

following Notice of Pre-Complaint Discovery pursuant to Pennsylvania Rules of Civil

Procedure 4003.8 and 4007.1 (c), and the following Pre-Complaint Request for

Production of Documents pursuant to Pennsylvania Rule of Civil Procedure 4007 (d) (1),

to the Defendants.  In support thereof, Plaintiff states:

### I.  BRIEF STATEMENT OF THE NATURE OF THE ACTION AND MATTERS TO BE INQUIRED INTO PURSUANT TO RULE 4007.1 (c)

This is a defamation case.  Wolk is a nationally-known aviation attorney.

Beginning in 2000, Wolk's law firm represented the victim of an aircraft accident in a

544200-1

Case ID: 090501489
Control No.: 09061584

case venued in the United States District Court for the Northern District of Georgia,

captioned Taylor v. Teledyne Technologies, Inc., No. 00-cv-1741 (the "Taylor Case").

After discovery disputes arose, the Trial Judge in the Taylor Case issued a September

2002 discovery order critical of Wolk's conduct during discovery, even though Wolk was

not personally involved in any of the asserted conduct.  In 2003, the Trial Judge vacated

the September 2002 discovery order, and precluded all parties from publicizing the

September 2002 order.  Thereafter, the Taylor Case settled for a sum that far exceeded

the value previously placed on the Taylor Case by a federal magistrate, and all attorneys

in the Taylor Case unanimously agreed that Wolk never committed any unprofessional or

wrongful conduct in the Taylor Case.  Wolk then sued certain of the Defendants in the

Taylor Case for defamation in a case brought in the United States District Court for the

Eastern District of Pennsylvania, captioned Arthur Alan Wolk v. Teledyne Industries,

Inc., No. 03-5693 (the "Wolk Case").  The Wolk Case settled after it was mediated by a

federal judge.  As part off the settlement, all attorneys in the Taylor Case unanimously

agreed that Wolk never committed any unprofessional or wrongful conduct in the Taylor

Case.

On or about April 8, 2007, Defendant Theodore H. Frank, Esquire ("Frank"),

writing for the legal blog "Overlawyered.com," which is operated and edited by

Defendant Walter K. Olson, Esquire ("Olson") and his entity, The Overlawyered Group,

wrote an article relating to the Wolk Case and the Taylor Case (the "Frank Article").

However, after a brief reference to the Wolk Case, the Frank Article accused Wolk of

"selling out" his client in the Taylor Case, accepting a lesser settlement in the Taylor

Case for his client in order obtain future business from other clients and to avoid being

3

impaired by remarks regarding unprofessional conduct in the discovery order in the

Taylor <u>Case</u> (which was vacated), and violating his professional and ethical

responsibilities and duties.  Wolk was unaware of the Frank Article until he discovered it

in April 2009.

Wolk understands that as a public figure he must show not only that the

statements in the Frank Article were false, but also that that the statements made in the

Frank Article were knowingly false and made with actual malice.  Pre-complaint

discovery is required to determine whether a complaint can be brought under the

standards required to file a defamation complaint as a public figure.

Information respecting the investigation and research performed prior to posting

the Frank Article, by the author, Frank, and the Editor, Olson, and contributors such as

David Nieporent, and what was done as well as the fruits of any investigation, is

necessary to see if they determined the truth of what they published and then published

the Frank Article knowing it was false, or their lack of a reasonable standard of news

gathering and proof of fact before publishing statements that accuse a nationally known

attorney of unethical and unprofessional conduct and violations of his duties to his client.

This information is therefore material and necessary to determine whether a defamation

claim arising from the Frank Article can meet the burden of pleading established in

<u>Curran v. Philadelphia Newspapers, Inc.</u>, 439 A.2d 652, 659 (Pa. 1981) and <u>New York</u>

<u>Times Co. v. Sullivan</u>, 376 U.S. 254 (1964).  Through pre-complaint discovery permitted

by Pennsylvania Rule of Civil Procedure 4003.8, Wolk now seeks to determine the nature

and extent of the research and investigation made by Frank and Olson prior to posting the

Frank Article.

4

Case ID: 090501489
Control No.: 09061584

**II.    NOTICE OF DEPOSITION OF THEODORE H. FRANK, ESQUIRE**

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of the **Theodore H. Frank, Esquire**, to testify as to the matters discussed in Section I, above, with regard to the above-referenced action. This deposition will take place on **June 24, 2009, at 10:00 a.m.**, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

**III.    NOTICE OF DEPOSITION OF WALTER K. OLSON, ESQUIRE**

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of **Walter K. Olson, Esquire** to testify as to the matters discussed in Section I, above, with regard to the above-referenced action. This deposition will take place on **June 25, 2009, at 10:00 p.m.**, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed. A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above. The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

544200-1

Case ID: 090501489
Control No.: 09061584

III.   **NOTICE OF DEPOSITION OF DAVID M. NIEPORENT, ESQUIRE**

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (c), Paul R. Rosen, Esquire of Spector, Gadon & Rosen, P.C., on behalf of the Plaintiff, will take the deposition of **David M. Nieporent, Esquire** to testify as to the matters discussed in Section I, above, with regard to the above-referenced action.  This deposition will take place on **June 26, 2009, at 10:00 p.m.,** at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103, and continuing thereafter from day to day until completed.  A brief statement of the nature of the action and the matters to be inquired into is provided in Section I, above.  The witness is further requested to bring with him to the deposition the documents requested in Section V of this document, below.

V.   **PRODUCTION OF DOCUMENTS**

Pursuant to Pennsylvania Rule of Civil Procedure 4007.1 (d), Defendants are hereby commanded to produce documents and tangible things **on or before June 19, 2009, at the offices of Spector Gadon & Rosen, P.C., Seven Penn Center, 1635 Market Street, 7th Floor, Philadelphia, Pennsylvania 19103,** as follows:

a.   **Document Requests**

1.   All documents and communications, including but not limited to searches on the internet, that You initiated to any third party, or that You reviewed or relied upon in drafting, editing and disseminating the April 7, 2008 Frank Article.

2.   All documents and communications, including but not limited to searches on the internet, that evidence, refer to or relate to any investigation performed by You, or that you initiated to any third party, with respect to the subjects covered in the April 7,

6

Case ID: 090501489
Control No.: 09061584

2008 Frank Article, in drafting, editing and disseminating the April 7, 2008 Frank

Article, including but not limited to notes and drafts.

     3.     All documents and communications that evidence, refer to or relate to the

Frank Article, including, but not limited to statistics, input and/or information relating to

or from any person(s) who accessed the Frank Article.

     4.     All communications with any server, browser or search facility that would

connect to a dissemination of the article on the Internet or to Wolk.

**V.**     **INSTURCTIONS AND DEFINITIONS**

     The following instructions and definitions shall be applicable to the Request for

Production of Documents in Section IV, above.

**a.**     **Instructions**

     1.     These document requests shall be deemed continuing and shall

require supplemental answers if additional documents are acquired after the date of

deposition, as soon as practicable but in any event not later than thirty (30) days from the

date of discovery.

     2.     With respect to any document the deponent deems privileged, provide a

statement setting forth as to each document:

          (a)     the date appearing on the document, or if no date
appears, the date on which the document was prepared;

          (b)     the name of each person to whom the document was
addressed;

          (c)     the name of each person to whom the document, or
a copy thereof, was sent, or with whom the document was
discussed;

          (d)     the name of each person who signed the documents,
or if not signed, the name of each person who prepared it;

7

544200-1

Case ID: 090501489

Control No.: 09061584

(e)    the name of each person making any contribution to the authorship of the document;

(f)    the employer and job title of each person identified in (b), (c), (d) or (e) above;

(g) the date the document was received or discussed by each of the persons identified in (b) or (c) above;

(h)    the general nature of description of the document, or part claimed to be privileged, and the number of pages of which it consists;

(i)    the name of each person who has custody of the document;

(j)    the specific ground(s) on which the claim of privilege rests.

3.    In producing documents, you are requested to produce the original of each document together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be provided in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.    Documents shall be produced as they are kept in the usual course of business. All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained. All documents shall be produced intact in their original files, without disturbing the organization of documents employed during the conduct of the ordinary course of business, and during the subsequent maintenance of the documents.

5.    All documents shall be produced which respond to any part or clause of any paragraph of a request. Each document requested shall be produced in its entirety and without deletion or excisions, regardless of whether you consider the entire document

544200-1

Case ID: 090501489
Control No.: 09061584

to be relevant or responsive.  If you have redacted any portion of a document, stamp or write or otherwise affix the word "REDACTED" on each page of the document which you have redacted, and provide a separate statement explaining the basis for each redaction.

b.      **Definitions**

1.      "You" and "Your" refer to the persons upon whom this document has been served, including their agents, servants, employees, officers, directors, members, affiliates, attorneys, subsidiaries, parent companies, related entities and those persons in active concert or participation with them, all other persons acting or purporting to act on their behalf, as well as the Overlawyered Group and Overlawyered.com.  "You" and "your" when used in reference to "materials" and "documents" shall include materials and documents in your possession or under your control, and materials and documents whose present and past existence you are aware of, as well as materials and documents prepared by you unless otherwise stated.

3.      "Frank Article" means the April 7, 2008 article written by Theodore H. Frank, Esquire entitled Arthur Alan Wolk v. Teledyne Industries, Inc.

5.      "Writings" or "Document" are used herein in the broadest sense, and mean all written or printed matter of any kind, including the originals and all non-identical copies, including drafts, whether different from the originals by reason of any notation made on such copies or otherwise, including without limitation correspondence, electronic mail messages, memoranda, reports, notes, diaries, statistics, letters, telegraphs, minutes, agendas, contracts, reports, studies, checks, statements, receipts, returns, financial sheets, schedules, invoices, drafts, projections, summaries, pamphlets,

9

Case ID: 090501489
Control No.: 09061584

books, prospectuses, inter-office and intra-office communications, offers, notations of any sort of conversations, bulletins, computer printouts, teletypes, telefaxes, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or manual records or representations of any kind including without limitation photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, records, motion pictures, and electronic, mechanical, computer or electric records or representations of any kind, including without limitation, tapes, cassettes and all recordings, computer discs, both hard and floppy, CD's, and CD-ROMs and computer hard, JAZ and ZIP drives.  Two or more copies of a document bearing divergent or different notations, handwritten or typewritten, shall be treated as separate documents for this purpose, as well as all drafts of documents.  All attachments or documents referred to by documents responsive to any request shall be produced.

7.    As used herein, the term "Person" or "persons" mean any individual, corporation, partnership, joint venture, firm, association, organization, society, proprietorship, agency, board, authority, commission or other entity.

8.    "Communicate" or "communication" mean every manner or means of disclosure, transfer, or exchange, and every disclosure, transfer, or exchange of information whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery or otherwise.

9.    The phrase "referring or relating to", or any variant thereof, means in any way, directly or indirectly, showing, disclosing, adverting to, embodying, reflecting, evidencing, constituting, mentioning, or revealing, either in whole or in part.

544200-1

10

10.    The singular includes the plural and vice versa. The masculine includes the feminine and neuter genders. The term "between" means "among" and vice versa. The past tense includes the present tense, and vice versa, when the clear meaning is not distorted by changing of tense.

11.    The phrase "and" and "or" shall mean "and/or", "any" shall include "all" and "every" and vice versa.

SPECTOR GADON & ROSEN, P.C.

_____
Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
Attorneys for Plaintiffs

Date:   5/13/09

11

544200-1