UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : | NO. 2:09-CV-4001 |
| **Plaintiff** | : | CIVIL ACTION |
| vs. | : | JURY TRIAL DEMANDED |
| WALTER K. OLSON, ESQUIRE<br>THEODORE H. FRANK, ESQUIRE<br>DAVID M. NIEPORENT, ESQUIRE<br>THE OVERLAWYERED GROUP<br>And OVERLAWYERED.COM | : | |
| | : | |
| **Defendants** | | |

### NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Arthur Alan Wolk, Esquire, Plaintiff in the above named case, hereby APPEALS to the United States Court of Appeals for the Third Circuit, from the Order and Opinion entered in this action on August 2, 2010, and attached as Exhibit "A," by the Honorable Mary A. McLaughlin, which Opinion and Order granted the Defendants' Motion to Dismiss, and directed the Clerk of the Court to close the file.

Respectfully Submitted,

**SPECTOR GADON & ROSEN, P.C.**

By: _____AJD 3101_____
Paul R. Rosen, Esquire
Andrew J. DeFalco, Esquire
1635 Market Street, 7th Floor
Philadelphia, Pennsylvania 19103
(215) 241-8888 (Main)
(215) 241-8844 (Fax)
Counsel for Plaintiff

Date: August 3, 2010

326382-2

## CERTIFICATE OF SERVICE

I, Andrew J. DeFalco, Esquire, hereby certify that on this 3rd day of August, 2010, I served a true and correct copy of Plaintiff's Notice of Appeal upon the following persons by .ecf:

The Honorable Mary A. McLaughlin
United States District Court for the Eastern District of Pennsylvania
13614 US Courthouse
Independence Mall
Philadelphia, PA  19106-1743

Michael Onufrak, Esquire
Siobhan K. Cole, Esquire
White and Williams LLP
1800 One Liberty Place
1650 Market Street
Philadelphia, PA 19103
Direct Dial- (215) 864-7086
Direct Fax- (215) 789-6673
*(Counsel for Defendants)*


By:_____AJD 3101_____


Date:  August 3, 2010


326382-2

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : | CIVIL ACTION |
| v. | : | |
| WALTER K. OLSON, et al. | : | NO. 09-4001 |

ORDER

AND NOW, this 2nd day of August, 2010, upon consideration of the Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 5), the plaintiff's opposition, the defendants' reply thereto, the Supplemental Brief in Support of Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6), the Plaintiff's Sur-Reply in Opposition to the Motion to Dismiss Pursuant to Rule 12(b)(6) of Defendants, and after oral arguments held on June 24, 2010, IT IS HEREBY ORDERED that, for the reasons stated in a Memorandum of today's date, the defendants' Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that the defendants' Motion for a Protective Order to Stay Discovery Pursuant to Rule 26(c) (Docket No. 7) is DENIED as moot.

This case is closed.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTHUR ALAN WOLK, ESQUIRE | : | CIVIL ACTION |
| v. | : | |
| WALTER K. OLSON, et al | : | NO. 09-4001 |

MEMORANDUM

McLaughlin, J.                                                August 2, 2010

      The issue before the Court is whether the Pennsylvania Supreme Court would apply the discovery rule to toll the statute of limitations in a mass-media defamation case.  The Court holds that it would not.

      Arthur Alan Wolk, a well-known aviation attorney, has sued Overlawyered.com for defamation, false light, and intentional interference with prospective contractual relations arising out of an article published on that website.  The plaintiff also names as defendants Walter K. Olson, Theodore H. Frank, David M. Nierporent, and The Overlawyered Group.

      The defendants move to dismiss the complaint on the ground that the case was not brought within the statute of limitations and the complaint fails to state a claim.  The Court will grant the defendant's motion to dismiss on statute of limitations grounds.

I.  <u>The Complaint</u>

The plaintiff is perhaps the most prominent aviation attorney in the country. Compl. ¶ 13. Overlawyered.com is a public website that attracts more than 9,000 unique daily visitors, including tens of thousands of lawyers and other professionals. Compl. ¶¶ 22-24, 39.

In 2002, the court in <u>Taylor v. Teledyne Tech., Inc.,</u> issued a discovery order critical of the plaintiff's conduct, but the plaintiff was not personally involved in any of the asserted conduct. Compl. ¶ 30. The trial judge subsequently vacated the order and sealed it from publication. Compl. ¶ 31. Thereafter, the parties settled the case. Compl. ¶ 32.

On April 8, 2007, Mr. Frank wrote an article (the "Frank Article") for Overlawyered.com, and Mr. Olson and Mr. Nierporent edited it. Compl. ¶ 37. The article commented on the chain of events leading to settlement in the <u>Taylor</u> case:

> Did Wolk's client suffer from a reduced
> settlement so that his attorney could avoid
> having the order used against him in other
> litigation? [I]f, as seems to be the case,
> the N.D. Ga. failed to [disclose a potential
> conflict of interest], one really wishes
> courts would do more to protect fiduciaries
> of plaintiffs' attorneys before signing off
> on settlements.

Compl. ¶ 38.

In April 2009, the plaintiff discovered the Frank Article. Compl. ¶ 47. He immediately contacted Mr. Frank and demanded that all articles relating to the plaintiff be removed

2

from Overlawyered.com. Compl. ¶ 48. The defendants refused to retract the Frank Article, which remained accessible on the website at the time the plaintiff filed his complaint. Compl. ¶ 49.

II. Analysis

The plaintiff commenced this suit on May 12, 2009, by filing a praecipe for a writ of summons in the Court of Common Pleas. After removing the case to federal court, the defendant moved for dismissal under Rule 12(b)(6). Under this rule, a court may dismiss an action if the complaint shows facial noncompliance with the statute of limitations. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994); see also Jones v. Bock, 549 U.S. 199, 215 (2007).

Pennsylvania's one-year statute of limitations for defamation applies to all three claims.[1] See 42 Pa. Cons. Stat. Ann. § 5523(a) (2010); Menichini v. Grant, 995 F.2d 1224, 1228 n.2 (3d Cir. 1993). The statute began to run from the time of publication. See Dominiak v. Nat'l Enquirer, 266 A.2d 626, 629-30 (Pa. 1970). Mr. Frank published the article on April 8, 2007,

---

[1] Because the plaintiff's claim for intentional interference with a potential contractual relationship arises from his defamation claim, the one-year statute of limitations applies to the contract claim, even though it would otherwise be subject to a two-year limitations period. Evans v. Philadelphia Newspaper, Inc., 601 A.2d 330, 333-34 (Pa. Super. Ct. 1991) ("[T]he one year statute of limitation for defamation cannot be circumvented by cloaking such a cause of action in other legal raiment.").

3

with the result that the limitations window closed on April 8, 2008. The plaintiff's action, therefore, was time-barred when he commenced it on May 12, 2009, unless some tolling principle had tolled the statute.

The discovery rule represents a potential tolling principle. It accounts for a plaintiff's "inability . . . despite the exercise of reasonable diligence, to know that he is injured and by what cause." Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). The plaintiff claims that the discovery rule should apply to toll the statute of limitations here,[2] but the defendants argue that the rule does not apply to mass-media defamation.

The plaintiff relies on two Pennsylvania Supreme Court cases to support his position. The plaintiff reads these cases too broadly, however. He first cites Fine v. Checcio, in which the Pennsylvania Supreme Court stated that "the discovery rule applies to toll the statute of limitations in any case where a party neither knows nor reasonably should have known of his injury and its cause at the time his right to institute suit arises." 870 A.2d at 859. Although the plaintiff takes from

---

[2] The plaintiff also asserts that fraudulent concealment tolled the statute. If a defendant causes a plaintiff to relax his vigilance or deviate from a typical standard of inquiry, the doctrine of fraudulent concealment tolls the statute of limitations. Fine, 870 A.2d at 860. The doctrine does not apply here. The plaintiff alleged no facts that would demonstrate that the defendant actively or passively misled the plaintiff or hid from him the existence of the Frank Article.

4

this that the discovery rule should apply to "any case," the court went on to clarify that the purpose of the rule is to address "an injury that is not immediately ascertainable." Id. at 860.

The plaintiff also cites Wilson v. El-Daief, in which the Pennsylvania Supreme Court held that the discovery rule is a tool of statutory interpretation that determines when a cause of action accrues. 964 A.2d 354, 363 (Pa. 2009). Because the statute of limitations begins to run "from the time the cause of action accrued," the plaintiff infers from Wilson that the discovery rule must be applied in all cases to determine when accrual occurs and the statute begins to run. 42 Pa. Cons. Stat. Ann. § 5502(a) (2010). The decision, however, described a more limited application: "to toll the running of the statute of limitations for latent injuries, or injuries of unknown etiology . . . ." Wilson, 964 A.2d at 356.

Elsewhere, the Pennsylvania Supreme Court has stated that the discovery rule should be employed only for "worthy cases"; it "cannot be applied so loosely as to nullify the purpose for which a statute of limitations exists."[3] Dalrymple

---

[3] Indeed, the discovery rule is a narrow exception to an otherwise strict limitations standard. For example, Pennsylvania does not toll the statute of limitations for a plaintiff who fails to discover a cause of action due to incarceration or insanity. 42 Pa. Cons. Stat. Ann. § 5533(a) (2010). Likewise, ignorance, mistake or misunderstanding will not toll the statute, even though a plaintiff may not discover an injury until it is too late. See Pocono Int'l Raceway, Inc., v. Pocono Produce, Inc., 468 A.2d 468, 471 (Pa. 1983).

5

v. Brown, 701 A.2d 164, 167 (Pa. 1997). Taken in their totality, Fine and Wilson agree that not all cases are worthy of the discovery rule. Worthy cases are those pertaining to hard-to-discern injuries.

Consequently, the discovery rule would appear to be inapplicable in this case. If the rule is intended for hard-to-discern injuries, it would be at odds with a cause of action based upon a defamatory statement disseminated through a mass medium, like a website, and received by tens of thousands of readers.

Moreover, applying the discovery rule here would undermine the purpose of the statute of limitations. If a plaintiff may bring a person into court after a limitations period has expired simply by invoking the discovery rule, and if a court is bound from dismissing the claim no matter how public or ancient the injury may be, then the discovery rule will have nullified the stability and security that the statute of limitations aims to protect. See Schumucker v. Naugle, 231 A.2d 121, 123 (Pa. 1967).

Three other judges from this Court have concluded that the discovery rule does not apply to mass-media defamation. Bradford v. Am. Media Operations, Inc., 882 F. Supp. 1508, 1519 (E.D. Pa. 1995) (holding that the discovery rule could not apply to defamation in the widely distributed Star newspaper); Barrett

6

v. Catacombs Press, 64 F. Supp. 2d 440, 446 (E.D. Pa. 1999) ("[T]he discovery rule should not be applied where . . . a defendant's alleged defamation was not done in a manner meant to conceal the subject matter of the defamation."); Drozdowski v. Callahan, No. 07-cv-01233-JF, 2008 WL 375110, at *1 (E.D. Pa. Feb. 12, 2008) (declining to apply the discovery rule to defamation published in a book); see also Smith v. IMG Worldwide, Inc., 437 F. Supp. 2d 297, 306 (E.D. Pa. 2006) (distinguishing defamation in a private conversation).

Many other courts have also declined to apply the discovery rule to mass-media defamation. See, e.g., Schweihs v. Burdick, 96 F.3d 917, 920-21 (7th Cir. 1996) (adopting a "mass-media exception" to the discovery rule, explaining that the rule only applies to defamation "in situations where the defamatory material is published in a manner likely to be concealed from the plaintiff, such as credit reports or confidential memoranda"); Rinsley v. Brandt, 446 F. Supp. 850, 852-53 (D. Kan. 1977) ("We would not apply the discovery rule where the defamation is made a matter of public knowledge through such agencies as newspapers or television broadcasts."); Shively v. Bozanich, 80 P.3d 676, 688-89 (Ca. 2003) ("[A]pplication of the discovery rule to statements contained in books and newspapers would undermine the single-publication rule and reinstate the indefinite tolling of the statute of limitations . . . ."); Mullin v. Washington Free Weekly, Inc., 785 A.2d 296, 299 (D.C. 2001) ("[E]very other court

squarely faced with this issue [rejected] application of the discovery rule in mass media defamation claims. We follow these precedents and do likewise here." (citations omitted)); Flynn v. Assoc'd Press, 519 N.E.2d 1304, 1307 (Ma. 1988) ("The discovery rule does not apply to a public libel printed in a newspaper widely available to the public, including the plaintiff."); Clark v. AiResearch Mfg. Co. of Ariz. Inc., 673 P.2d 984, 986-87 (Az. 1983) ("We believe the rule of discovery should be applied in those situations in which the defamation is published in a manner in which it is peculiarly likely to be concealed from the plaintiff . . . ."); Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc., 334 N.E.2d 160, 164 (Il. 1975) (distinguishing defamation in a credit report from defamation in magazines, books, newspapers, and radio and television programs).

The Court is not aware of any case in which the discovery rule has been applied to postpone the accrual of a cause of action based upon the publication of a defamatory statement contained in a book or newspaper or other mass medium. I reach the same conclusion as my colleagues in the Eastern District of Pennsylvania and other jurisdictions: as a matter of law, the discovery rule does not apply to toll the statute of limitations for mass-media defamation.

An appropriate Order will be issued separately.

8