```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


ARTHUR ALAN WOLK                :    CIVIL ACTION
                                :
v.                              :
                                :
WALTER K. OLSON, et al.         :    NO. 09-4001
```

ORDER

AND NOW, this 2nd day of August, 2011, upon consideration of the plaintiff's Motion for Relief from the August 2, 2010 Order Pursuant to Federal Rules of Civil Procedure 60(b)(2), (3), and (6), the opposition and reply thereto, and the oral argument held on June 2, 2011,[1] IT IS HEREBY ORDERED that said motion is DENIED.

The Court understands that it may deny a Rule 60(b) motion even though this matter is on appeal from a final judgment to the United States Court of Appeals for the Third Circuit. See Hancock Indus. v. Schaeffer, 811 F.2d 225, 240 (3d Cir. 1987)

---

[1] See Wolk v. Overlawyered.com, No. 10-5856 (Docket No. 37 at 41). The Court notes that it has refrained from deciding this motion pursuant to the parties' joint requests to pursue settlement. See Wolk v. Olson, No. 09-4001 (Docket No. 45). On July 26, 2011, the Court received a letter from Arthur Alan Wolk renewing his arguments for the Rule 60(b) motion and attaching additional authority. Mr. Wolk has voluntarily dismissed the 10-5856 action without prejudice. See Wolk v. Overlawyered.com, No. 10-5856 (Docket No. 45). Mr. Wolk has since filed another lawsuit against Overlawyered.com and various other defendants including Gayle Sproul, Esquire, counsel for the Reason Foundation, Michael Onufrak, Esquire, counsel for Overlawyered, and various Internet bloggers and commenters. See Wolk v. Overlawyered.com, No. 11-4900.

(noting that a district court has the power both to entertain and to deny a Rule 60(b) motion or it may certify its inclination to grant the motion).  The Court of Appeals for the Third Circuit views Rule 60(b) motions as "extraordinary relief which should be granted only where extraordinary justifying circumstances are present."  Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (citations and internal quotations omitted).

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> ...
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... [or]
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Under Rule 60(b)(2), the term "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant."  Bohus, 950 F.2d at 930 (citations and quotations omitted).

The primary contention of the plaintiff's Rule 60(b) motion is that the defendants republished an allegedly defamatory article within the applicable statute of limitations by altering several aspects of the article.  These changes included changing the URL or file name of the blog entry from:

> www.overlawyered.com/2007/04/aurthur_alan_wolk_v_teledyne_in.html
>
> to
>
> www.overlawyered.com/2007/04/arthur-alan-wolk-v-teledyne-industries-inc/

<u>See</u> DeGraff Decl. Exs. B & C.  The import of the change from underscores to hyphens in file name is that the second URL with hyphens is more easily understood by search engines, which causes the page to obtain better placement in search engine results. The defendants also made additional changes to their site to enhance search engine results, such as adding "tags" to the site. DeGraff Dec. ¶ 9.  These changes were made to the defendants' entire website, not simply to the article at issue in this case.

The plaintiff has not convinced the Court that the defendants' change in blogging software, which effectively renamed the files associated with the defendants' online content, constitutes newly discovered evidence that warrants extraordinary relief or that the defendants engaged in fraud or misconduct by not disclosing the change.  The Court is skeptical that renaming

3

a computer file and adding additional features to a website would constitute republication of the underlying article where the actual content of the article remained the same and the content was displayed on the same domain (here, Overlyawered.com). However, even assuming that such a change would restart the statute of limitations, the Court finds that the change in file names associated with the change in blogging platforms could have been discovered through the exercise of reasonable diligence and that the extraordinary remedy of Rule 60(b) is not warranted in this case.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.